**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LAODE NASIRUN,**

    **Plaintiff,**

**vs.**                                                     **Case No. 4:24-cv-288-WS-MAF**

**LATANYA SAILOR,
NAOMI PARKER,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, initiated this case by submitting a civil rights complaint pursuant to 42 U.S.C. § 1983 against two individuals residing in Quincy, Florida. ECF No. 1. Plaintiff has paid the filing fee. ECF No. 16. The Court has screened the complaint under 28 U.S.C § 1915(e)(2). Because the complaint does not present any basis for federal jurisdiction, it should be dismissed.

**I.    Allegations of the Amended Complaint, ECF No. 1**[1]

In April 2022, Plaintiff's family loaned him money to retain counsel to seek his release from prison. However, since Plaintiff was in federal custody

---

[1] This account of the facts comes from the complaint. See ECF No. 1 at 5 and 1-1 through 1-5. The Court accepts the complaint's non-conclusory factual allegations as true at this stage. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993).

and his family lived overseas, Defendants (acquaintances of Plaintiff) agreed to act as an intermediary. It is not clear why Plaintiff's family could not send the money directly to Plaintiff's attorney. Nevertheless, Plaintiff's family wired the $6,000 through Western Union in three transactions to Defendants, who were then supposed to deliver the funds to Plaintiff's attorney.[2] Plaintiff spoke with Defendant Sailor on the phone. She confirmed that both she and Defendant Parker had received the money. Unfortunately, Defendants did not hold up their end of the agreement and the money never made it to Plaintiff's attorney. Defendants stopped answering Plaintiff's calls and did not respond to civil demand letters sent by Plaintiff's attorney.

Plaintiff sues the Defendants in their individual capacity. He seeks $250,000 in damages for "severe emotional damage" as a result of the theft, which "depriv[ed] [him of] a lawyer's representation." ECF No. 1 at 7.

## II. Discussion

Plaintiff has not named a proper Defendant as required to proceed in a civil rights case. Case law is well established that to state a claim under § 1983, Plaintiff "must show that he was deprived of a federal right by a person acting under color of state law." Patrick v. Floyd Med. Ctr., 201 F.3d 1313,

---

[2] There were two $2,000.00 transfers to Defendant Parker and one $2,000.00 transfer to Defendant Sailor.

1315 (11th Cir. 2000). Plaintiff's complaint fails to meet both of these requirements. First, there is no constitutional violation because the Sixth Amendment does not apply to postconviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Barbour v. Haley, 471 F.3d 1222, 1231 (11th Cir. 2006). But even if there was a violation of a federal right, Defendants Parker and Sailor are private citizens, not state actors. "Merely private conduct, no matter how discriminatory or wrongful" is not done under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).

Additionally, if the complaint could be liberally construed as a non-civil rights action, there is not diversity in citizenship to provide this Court with original jurisdiction. Both Plaintiff and Defendants are residents of Florida. See 28 U.S.C § 1332(a). At best, Plaintiff's complaint alleges a violation of Florida's civil theft statute, a state law claim. See Fla. Stat. § 772.11.

Because Plaintiff fails to state a claim that could be granted by this Court, dismissal is warranted. Any attempt to amend the complaint would be futile.

### III.  Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida on November 13, 2024.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**